## APPEAL OF BENJAMIN COLITZ.

Docket No. 3004.   Submitted June 9, 1925.   Decided February 19, 1926.

1. Bonus, agreed to as to terms but not as to amounts at beginning of year, paid to manager at close of the year, in excess of drawing account, allowed as a deduction from taxpayer's gross income for the calendar year 1919.

2. Amount taken as a deduction from taxpayer's gross income for the year 1919 as a bad debt allowed.

3. Books of account kept by taxpayer during the year 1919 failed to reflect true income. Computation of Commissioner by percentage method of one department of taxpayer's business for such department approved.

*Jacob Auer, C. P. A.*, for the taxpayer.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Before KORNER, STERNHAGEN, LANSDON, GREEN, and LOVE.

This appeal is from the determination of a deficiency in income tax for the calendar year 1919 in the amount of $1,977.69, all of which is in controversy. Three issues are involved: (1) Deduction of an alleged bonus in addition to salary paid an employee; (2) whether the amount of $1,200 was properly deducted as a bad debt; and (3) whether the Commissioner erred in computing the taxpayer's income by the so-called percentage method.

FINDINGS OF FACT.

1. The taxpayer is an individual residing in Chicago. During the year involved in this appeal he operated two business concerns,

known as the Paper Mills Supply Co. and the Colitz Metal & Refining Co., respectively, as the sole proprietor of each,

2. The Colitz Metal & Refining Co. began business as a partnership some time in the year 1917. The partners were the taxpayer, who contributed most of the capital, his brother, Julius Colitz, and A. A. Rothstein. The operations of this concern were not successful. The losses sustained by the company soon eliminated the capital contributions of Julius Colitz and Rothstein, together with a proportional amount of the capital supplied by the taxpayer, whereupon Rothstein and Julius Colitz withdrew from the partnership before the end of the year 1918, and, from the date of the withdrawal of said Julius Colitz, the taxpayer became the sole proprietor of the business, which he then voluntarily proceeded to liquidate. During the liquidation period, the taxpayer employed Julius Colitz to look after the affairs of the business and for such services paid him a salary of $40 per week during a part of 1919.

3. A. Grossman was manager of the Paper Mills Supply Co. during 1919. He was employed by the taxpayer under an agreement that he should have a drawing account of $40 per week and an additional bonus at the end of the year in whatever amount the taxpayer might then determine. During the year, in addition to the full amount of his weekly drawing account, Grossman was paid the amount of $3,600, which was charged to his personal account on the books of the company. At the end of the year, the taxpayer determined that the bonus which he had agreed to pay Grossman for that year should be the amount of $3,500, which was thereupon credited to the said Grossman's personal account and charged against surplus.

4. The Chicago Waste Paper Co., at that time a debtor of the taxpayer in connection with that department of his business conducted as Paper Mills Supply Co., in an amount not disclosed by the record but in excess of $1,400, became a bankrupt in 1919. After investigating and estimating the value of the assets of such bankrupt, the taxpayer decided that not more than $200 could be realized from the proceeds of the liquidation in bankruptcy in progress at the end of the year 1919, and, as of December 31, 1919, charged the amount of $1,200 off his books of account and deducted the same from his gross income in his income-tax return for the year in question as a debt ascertained to be worthless and charged off within the taxable year. He never realized anything from this debt, which was worthless at the close of the year 1919.

5. The business records and accounts of the Colitz Metal & Refining Co. which were supplied to an agent of the Commissioner did not reflect true income for the year 1919, and the taxpayer's tax liability, so far as it related to the operation of such company for the year in question, was computed on the percentage basis.

DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact and the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

OPINION.

LANSDON: Upon audit of the taxpayer's income-tax return for the calendar year 1919, the Commissioner disallowed the deductions from gross income taken as a bonus to an employee and as a bad debt, both of which were in connection with the department of the taxpayer's business conducted as Paper Mills Supply Co. The Commissioner approved the computation of the revenue agent, based on the percentage method, of the income and tax liability of the business conducted by the taxpayer under the name and style of Colitz Metal & Refining Co., a sole proprietorship. It is from such disallowances and computation that this appeal is taken.

In the light of all the evidence adduced, we are of the opinion that the bonus of $3,500 is an allowable deduction from the taxpayer's gross income for the year in question in connection with his business operations carried on under the name and style of Paper Mills Supply Co., and that the amount of $1,200, representing a debt which was actually worthless and was so determined and charged off as such within the year 1919 is an allowable deduction from the taxpayer's gross income for the calendar year 1919 in connection with that department of his business conducted under the name and style of Paper Mills Supply Co. *Appeal of Mason Machine Works Co.*, 3 B. T. A. 745.

The taxpayer failed to produce all the books of account going to show income and tax liability for the year 1919 in connection with the department of his business conducted under the name and style of Colitz Metal & Refining Co., either for audit by the Commissioner or as evidence for the consideration of the Board, and, as the books produced, audited and in evidence in this appeal do not reflect the true income of that department of his business, the use of the so-called percentage method employed by the Commissioner in computing the income and tax liability of such department must be approved. We have found, however, that during the year 1919 the taxpayer was the sole proprietor of the Colitz Metal & Refining Co., and that Julius Colitz and Rothstein were not co-partners with the taxpayer in that year. It follows, therefore, that the amounts paid to Julius Colitz were compensation for services rendered and not distributions of partnership earnings.