*949 OPINION.
Lansdon:
Upon audit of the taxpayer’s income-tax return for the calendar year 1919, the Commissioner disallowed the deductions from gross income taken as a bonus to an employee and as a bad debt, both of which were in connection with the department of the taxpayer’s business conducted as Paper Mills Supply Co. The Commissioner approved the computation of the revenue agent, based on the percentage method, of the income and tax liability of the business conducted by the taxpayer under the name and style of Colitz Metal & Refining Co., a sole proprietorship. It is from such disallowances and computation that this appeal is taken.
In the light of all the evidence adduced, we are of the opinion that the bonus of $3,500 is an allowable deduction from the taxpayer’s gross income for the year in question in connection with his business operations carried on under the name and style of Paper Mills Supply Co., and that the amount of $1,200, representing a debt which was actually worthless and was so determined and charged off as such within the year 1919 is an allowable deduction from the taxpayer’s gross income for the calendar year 1919 in connection with that department of his business conducted under the name and style of Paper Mills Supply Co. Appeal of Mason Machine Works Co., 3 B. T. A. 745.
The taxpayer failed to produce all the books of account going to show income and tax liability for the year 1919 in connection with the department of his business conducted under the name and style of Colitz Metal & Refining Co., either for audit by the Commissioner or as evidence for the consideration of the Board, and, as the books produced, audited and in evidence in this appeal do not reflect the true income of that department of his business, the use of the so-called percentage method employed by the Commissioner in computing the income and tax liability of such department must be approved. We have found, however, that during the year 1919 the taxpayer was the sole proprietor of the Colitz Metal & Refining Co., and that Julius Colitz and Rothstein were not co-partners with the taxpayer in that year. It follows, therefore, that the amounts paid to Julius Colitz were compensation for services rendered and not distributions of partnership earnings.